UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROY F. SUTTON,<br><br>                Plaintiff,<br><br>    v.<br><br>ESTATE OF LYNDA N. SUTTON *et al.*,<br><br>                Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-cv-15927-KMW-SAK<br><br>MEMORANDUM OPINION AND ORDER |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Roy F. Sutton's ("Plaintiff") Motion for Preliminary Injunction (ECF No. 6); Defendant Sandra L. Williams opposed (ECF No. 9); Defendants collectively filed a Motion to Dismiss (ECF No. 8); and

**WHEREAS**, federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); and

**WHEREAS** to establish subject matter jurisdiction, a pleading must either present a federal claim[1] or trigger the court's diversity[2] jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024); and

**WHEREAS**, here, Plaintiff alleges federal question jurisdiction under 6 U.S.C. § 313, the Federal Emergency Management Agency ("FEMA"), and 5 U.S.C. § 2018, the Veterans Preference Act ("VPA"). However, the Complaint does not plead claims that can be construed to arise under either federal statute. While the factual contentions involve a federal grant that was issued by FEMA, and wherein Plaintiff received Veteran Preference under the VPA during the grant selection process, the claims, while not plainly stated, can be construed to be questions of contract law that, in this case, do not arise under the Constitution, laws, or treaties of the United States. For example, Plaintiff seeks a declaratory judgment "recognizing the same ownership, benefits, and rights of the Storm Sandy Grant contract applying equally to both parties to the signed Grant Contract." *See* Complaint p. 10 ¶ 1. (ECF No. 1). While the grant in question was issued by

---

[1] To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 n.2. (3d Cir. Feb. 16, 2024). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when "the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). While the majority of cases that arise under federal question jurisdiction are cases in which "federal law creates the cause of action," there are some cases where "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

[2] To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Gibson,* 2024 WL 658977, at *1 n.2. Under 28 U.S.C. §1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Additionally, to determine an individual's citizenship, a plaintiff must assert the individual's domicile. "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). When determining an individual's domicile, a court can consider several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business, the location of brokerage and bank accounts, the location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. *See McCann v. George W. Newman Irrevocable Trust*, 458, F.3d 281, 286 (3d Cir. 2006).

a federal agency, the underlying claim turns on common law contract rights, which do not, in this case, arise under federal law; and

**THE COURT NOTES** that even if the Plaintiff were correct in his assertion that despite prior state court rulings on the same facts, the "*Rooker-Feldman* Doctrine does not prevent this Federal District Court from assuming jurisdiction" because the "Lower State Court's decision on February 7, 2023 did not address or rule on his Storm Sandy Grant contracts rights" this does not cure the fact that Plaintiff has not plead a complaint that presents a federal question such that this Court may establish jurisdiction[3];

**THE COURT FURTHER NOTING** that Plaintiff did not attempt to plead diversity jurisdiction under 28 U.S.C. § 1332, which it seems would have been futile given that both the Plaintiff and the Estate appear to be citizens of New Jersey;

Therefore, **IT IS HEREBY** on this 17th day of October, 2025 **ORDERED**:

    **A.** Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED**;

    **B.** Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice**;

    **C.** Plaintiff has thirty (30) days to amend his pleadings[4] in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case;

---

[3] While the Plaintiff baldly refers to FEMA in his Complaint as a basis for federal question jurisdiction, Plaintiff has not sufficiently plead a cause of action that arises under 6 U.S.C. § 313, a statute which establishes the existence of a federal agency and does not confer individual rights upon citizens. As to the assertion that jurisdiction lies under the VPA, 5 U.S.C. § 2108, the VPA does not instill a private right of action under which plaintiffs may sue. *Arnold v. Tulino*, No. 24-CV-04814 (GHW)(SN), 2025 WL 2420906, at *8 (S.D.N.Y. Aug. 5, 2025), *report and recommendation adopted sub nom. Arnold v. DeJoy*, No. 1:24-CV-4814-GHW-SN, 2025 WL 2419687 (S.D.N.Y. Aug. 21, 2025). Under both statutes, if a claim is brought under a statute that "does not expressly provide a private right of action, the action is typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Id.* (citing *Fair v. Verizon Commc'ns Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015)) (quotations omitted).

[4] To the extent that the Plaintiff amends his Complaint, he must sufficiently plead a cause of action that properly establishes federal question jurisdiction under 28 U.S.C. § 1331, or plead diversity jurisdiction under 28 U.S.C. § 1332.

**D.** Plaintiff's Motion for Preliminary Injunction (ECF No. 6) is **DENIED AS MOOT**[5];

*Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge

---

[5] When the court lacks subject matter jurisdiction over a case, it cannot hear any outstanding motions. *Cohen v. Sanks*, No. 23-1982, 2023 WL 5985190 at *4 (D.N.J. Sept. 13, 2023). As the Court has determined that it lacks subject matter jurisdiction over this case, it cannot hear the motion for preliminary injunction and the motion must be denied as moot.